Laura Cardinal, Esq.
**CARDINAL & STACHEL, P.C.**
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Phone  (520) 452-1002
Fax      (520) 452-1008

Arizona State Bar No. 012081
Attorney for Plaintiff
lcardinal@cardinalstachel.com

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| ROBERT BROWN, an unmarried man, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| COCHISE COUNTY, a political | ) |
| subdivision of the State of Arizona, | ) |
| OFFICE OF THE COCHISE COUNTY | ) |
| ATTORNEY, a political subdivision of | ) |
| the State of Arizona and the County of | ) |
| Cochise, EDWARD RHEINHEIMER, an | ) |
| elected official, in his official capacity as | ) |
| Cochise County Attorney, MARC | ) |
| OFFENHARTZ and JANE DOE | ) |
| OFFENHARTZ, husband and wife, | ) |
| DOYLE JOHNSTUN and JANE | ) |
| DOE JOHNSTUN, husband and wife, | ) |
| GREGORY JOHNSON and JANE DOE | ) |
| JOHNSON, husband and wife, ANNE | ) |
| ELSBERRY, a single woman, DICAMPLI, | ) |
| ELSBERRY AND HUNLEY, a Limited | ) |
| Liability Company, JOHN DOE I - X, | ) |
| JANE DOE I - X. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

### *INTRODUCTION*

On or about June 8, 2006, Robert Brown, the plaintiff in this case, was indicted on three

counts of drug possession, one count of drug paraphernalia possession, and one count of

aggravated DUI, all having occurred on October 12, 2005.  At the grand jury proceedings on or

about June 8th, 2006, the prosecuting attorney, Ms. Cameron Udall, proffered additional facts

relating to possible theft of a means of transportation and felony flight from a pursuing law enforcement vehicle, but Ms. Udall did not ask the jurors to considering that evidence as it may pertain to any additional criminal charges.

Mr. Ruben Teran was court-appointed to represent Mr. Brown in Case No. CR200600365, after the indictment came down in June, 2006 (hereinafter "case 365").  Mr. Teran negotiated a plea with the prosecuting attorney, David Pardee, regarding case 365 and others in which Mr. Brown was involved at that time.  Because of the discussions had between Mr. Pardee and Mr. Teran, Mr. Teran and Mr. Brown both believed that the plea agreement pertained to any and all outstanding charges related to October 12, 2005.  For that reason, Mr. Brown agreed to serve one year imprisonment in exchange for some of the indicted counts being dismissed and no others being brought against him relating to the events of October 12, 2005.

Deputy County Attorneys Doyle Johnstun and Marc Offenhartz appeared on behalf of the State of Arizona at the ensuing change of plea proceedings in Case 365 on or about November 20, 2006.  The Court accepted the plea agreement, dismissed the DUI Count, as well as three of the drug counts, with prejudice, and Mr. Brown was sentenced to one year imprisonment on the remaining drug count on or about December 18, 2006.  Deputy County Attorney David Pardee, apparently believing that his office had completed all dealings related to the October 12, 2005 events, then authorized the destruction of photographs taken that day by the Cochise County Sheriff's Department.

While Mr. Brown was serving his sentence, Defendant Offenhartz conducted additional grand jury proceedings on or about June 21, 2007, relating to the events of October 12, 2005, obtaining additional indictments for theft of a means of transportation and felony flight.  In addition, the grand jury indicted Mr. Brown for aggravated DUI based on the same facts presented on June 8, 2006 *again*, although that Count was dismissed with prejudice on or about December 21, 2006.  Although Detective Robert Gerencser had not immediately prepared a felony complaint for theft in 2005 because he was waiting on laboratory results, those results were received on January 3, 2006, five months before the *first time* Mr. Brown was indicted.  The detective filed such a complaint on March 20, 2006, well in time for the 2006 grand jury

- 2 -

1   proceedings, but the count was not indicted until the 2007 proceedings.

2   Again, on or about October 1, 2007, Mr. Brown was arraigned on felony charges

3   stemming from October 12, 2005, this time in case number CR200700410 (hereinafter "case

4   410"). Then, on or about October 9, 2007, the Cochise County Indigent Defense Coordinator

5   appointed Ms. Anne Elsberry to represent Mr. Brown in case 410, which arose from the grand

6   jury proceedings had on or about June 21, 2007. After Defendant Elsberry's appointment as

7   Plaintiff's counsel, Plaintiff advised Elsberry that he believed that he was already serving prison

8   time for the October 12, 2005 incident and that he believed part of the 2006 plea deal was that all

9   other charges stemming from October 12, 2005 would be dismissed or not charged in the future.

10  At a review hearing held on October 15, 2007, and attended by Defendant Offenhartz,

11  Defendant Elsberry informed the court of Mr. Brown's belief that the 2006 plea agreement had

12  disposed of all charges stemming from the October 12, 2005 event and further advised the court

13  that she would investigate the matter of the 2006 plea. Defendant Elsberry requested that

14  arraignment on Case CR200700410 proceed that day, however. At that time the judge requested

15  that counsel bring any double jeopardy issues to the attention of the court, but proceeded with

16  arraignment on Case 410, as requested by Elsberry.

17  On or about October 18, 2007, Defendant Elsberry requested copies of the indictments,

18  plea agreements and minute entries regarding the four cases to which Plaintiff pled in 2006, from

19  the Clerk of the Superior Court. Although Judge Donna Beumler raised the concept of double

20  jeopardy at the October 15, 2007 review hearing, no one from the County Attorney's Office

21  (hereinafter "CAO") investigated the matter, or if they did, no information about that

22  investigation was shared with Mr. Brown.

23  On or about November 18, 2007, Plaintiff signed an affidavit stating that he accepted the

24  2006 plea agreement with the understanding that the plea addressed all outstanding charges

25  related to his arrest on October 12, 2005. Mr. Teran, Plaintiff's counsel during case 365, signed

26  a similar affidavit on or about July 16, 2009, stating his belief was based on discussions he had

27  with the deputy county attorneys who handled Plaintiff's 2006 case. In a November 18, 2007

28  letter to Defendant Offenhartz, Defendant Elsberry reiterated Mr. Brown's belief again and told

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1   Defendant Offenhartz that the DUI Count had been dismissed with prejudice in Case 365.

2   Offenhartz did not reply to Elsberry or address any of these matters to the Court.  Elsberry never

3   filed a motion to dismiss Case 410 on any ground.

4          Rather than address any of Mr. Brown's concerns, the CAO offered many plea

5   agreements for his consideration.  Mr. Brown rejected each of the offers and maintained that the

6   2006 plea agreement disposed of any and all October 12, 2005 charges, including all of the

7   counts of the 2007 indictment.

8          On December 18, 2007, Judge Beumler granted Deputy County Attorney Gregory

9   Johnson's motion to dismiss Count III of the 2007 indictment (the DUI count), which had

10  already been dismissed with prejudice by Judge Desens at Mr. Brown's 2006 sentencing hearing.

11  The other two counts (theft of means and felony flight) proceeded to trial before Judge Desens

12  on March 4, 2008.  In the judge's chambers on the first day of trial, Defendant Elsberry

13  reiterated her position that both charges were dismissed by virtue of them not being indicted at

14  the time of the October 12, 2005 incident, when Mr. Brown was indicted on five other charges

15  related to that date.  She also reiterated Mr. Brown's belief that his 2006 plea agreement

16  disposed of those charges.  Defendant Elsberry did not move to dismiss the charges, however,

17  either in writing or orally.  Defendants Johnson and Offenhartz, who appeared for the State at

18  trial, did not ask that either Count be dismissed, either.

19         Mr. Brown was found guilty of felony flight at trial.  Because the CAO had proven Mr.

20  Brown had prior felony convictions, he was given an aggravated, enhanced sentence of five and

21  one half years' imprisonment.

22         Mr. Brown filed a Petition for Post-Conviction Relief, which was granted by Judge

23  Desens on September 28, 2009.  In granting the Petition, the Judge found that double jeopardy

24  had attached by virtue of the plea and sentence that was entered in case 365, based on the same

25  October 12, 2005 facts.  Because the same events formed the basis for a second 2007 indictment

26  in case 410, Judge Desens ruled that the second prosecution violated Mr. Brown's constitutional

27  protection against double jeopardy.  Mr. Brown's conviction and sentence in case 410 were

28  vacated and quashed, and he was released from prison after serving eighteen months of a

wrongfully imposed five and a half year sentence.

The acts and omissions of the defendants in this matter directly resulted in Mr. Brown's wrongful conviction and resultant complete loss of freedom for one and a half years.

## JURISDICTION AND VENUE

1.  This action arises under the Constitution and laws of the United States and the State of Arizona and is brought pursuant to Title 42 U.S.C. §1983.  Jurisdiction is conferred on this Court pursuant to Title 28 U.S.C. § 1331.  Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. §1988(b).

2.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(b).  All of the events relevant to the claims contained herein occurred within the State of Arizona.

## PARTIES

3.  At all times pertinent hereto Plaintiff, Robert Allen Brown, was a citizen of the United States of America and a resident of the State of Arizona.  Mr. Brown maintains his residence in Arizona.

4.  Defendant Marc Offenhartz is a citizen of the United States and a resident of the State of Arizona.  At all times relevant to the claims against him, Offenhartz was acting under color of state law in his capacity as Deputy County Attorney ("DCA") in Cochise County, Arizona. After having appeared on behalf of the State at Mr. Brown's 2006 change of plea proceedings, he was assigned to CR200700410 by elected Cochise County Attorney Edward Rheinheimer. Mr. Offenhartz presented Mr. Brown's case to the grand jury for the second time on June 21, 2007, obtaining indictments on two Counts (theft and flight) that were previously mentioned but not charged by Ms. Udall to the grand jury on June 8, 2006, and on one Count (aggravated DUI) that was previously indicted on June 8, 2006 and previously dismissed with prejudice on December 21, 2006.  Mr. Offenhartz conducted a October 15, 2007 review hearing on behalf of the State, wherein he was notified of Mr. Brown's belief that the 2006 plea agreement in Case 365 disposed of all outstanding charges arising from October 12, 2005.  Although Judge Beumler raised the issue of double jeopardy at that hearing, Mr. Offenhartz failed to present the results of any investigation into the matter.  Mr. Offenhartz also falsely reported to the Court that

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1   the theft and flight charges did not go forward prior to June 21, 2007 due to the State's need to

2   obtain laboratory results which it actually received in January, 2006, five months before the first

3   grand jury proceedings.  Despite Mr. Brown's counsel - Defendant Elsberry - writing a

4   November 18, 2007 letter to Defendant Offenhartz reiterating Plaintiff's belief about the plea

5   agreement as well as reminding him that the DUI Count had previously been dismissed with

6   prejudice, Mr. Offenhartz again failed to respond in any manner, other than to submit plea offers

7   for Mr. Brown's consideration.  Mr. Offenhartz tried the matter on behalf of the State on March

8   4-5, 2008, and conducted the sentencing on March 24, 2008, despite all prior warnings about the

9   inappropriateness of bringing charges related to October 12, 2005, and knowing that evidence

10  had been destroyed after Mr. Brown pled in 2006.  Finally, Mr. Offenhartz defended the State in

11  a written response to Mr. Brown's Post-Conviction Relief Petition and in the subsequent court

12  proceedings had on September 28, 2009, wherein Mr. Brown's relief was granted on double

13  jeopardy grounds based on the 2006 plea and sentence.  Mr. Offenhartz was at all times the lead

14  prosecutor in criminal Case 410 against Robert Brown and supervised DCA Gregory Johnson in

15  his role as prosecutor in the case.  Many of the acts by Mr. Offenhartz complained of herein were

16  undertaken in his investigative capacity.

17      5.  Defendant Gregory Johnson is a citizen of the United States and a resident of the State

18  of Arizona.  At all times relevant to the claims against him, Johnson was acting under color of

19  state law in his capacity as Deputy County Attorney (DCA) in Cochise County, Arizona.  Mr.

20  Johnson was assigned to Case 410, along with Mr. Offenhartz, by elected Cochise County

21  Attorney Edward Rheinheimer.  Mr. Johnson tried the matter on behalf of the State on March 4-

22  5, 2008, as second chair to Mr. Offenhartz, despite warnings about the inappropriateness of

23  bringing charges related to October 12, 2005, and knowing that evidence had been destroyed

24  after Mr. Brown pled in 2006.  Defendant Johnson was closely involved in the prosecution of

25  Mr. Brown, and was therefore a driving force behind his wrongful conviction and incarceration.

26  Many of the acts complained of herein were undertaken in his investigative capacity.

27      6.  Defendant Doyle Johnstun is a citizen of the United States and a resident of the State

28  of Arizona.  At all times relevant to the claims against him, Mr. Johnstun was acting under color

1   of state law in his capacity as the Chief Criminal Deputy County Attorney for Cochise County,

2   Arizona.  Mr. Johnstun was responsible for the assignments of Udall, Offenhartz and Johnson to

3   the Brown case and was their direct supervisor throughout the entire investigation and

4   prosecution of Robert Brown.  As their direct supervisor, Mr. Johnstun was regularly and

5   thoroughly briefed on the investigation and prosecution of Robert Brown.  He also personally

6   approved and/or personally participated in many of the unconstitutional acts undertaken by

7   Defendants Offenhartz and Johnson, as alleged herein.  Specifically, Mr. Johnstun appeared on

8   behalf of the State at Mr. Brown's 2006 change of plea hearing, then approved the subsequent

9   prosecution of Plaintiff Brown by Defendants Offenhartz and Johnson.  As Chief Criminal

10  Deputy CA, Defendant Johnstun was responsible for the training and supervision of Cochise

11  County personnel, provided management of the Cochise County Attorney's office and made

12  policy decisions for the office.  Many of the acts by Mr. Johnstun complained of herein were

13  undertaken in his investigative capacity.

14       7.  Defendant Edward Rheinheimer is a citizen of the United States and a resident of the

15  State of Arizona.  From on or about 2004 to the present, Mr. Rheinheimer was acting under color

16  of state law in his capacity as the elected County Attorney for Cochise County, Arizona.  Mr.

17  Rheinheimer was responsible for the assignments of Udall, Offenhartz, and Johnstun, and

18  Johnson to the Brown case and was their supervisor throughout the entire investigation and

19  prosecution of Robert Brown.  As their supervisor, Mr. Rheinheimer was briefed on the

20  prosecution of Mr. Brown.  He also personally approved and/or personally participated in many

21  of the unconstitutional acts undertaken by the Defendants, as alleged herein.  As County

22  Attorney, Mr. Rheinheimer was responsible for the training and supervision of the Cochise

23  County Attorney's office personnel, provided overall management and accountability for the

24  Cochise County Attorney's office and was the final policymaker for the office.  Many of the acts

25  by Mr. Rheinheimer complained of herein were undertaken in his investigative capacity.

26       8.  Defendant Cochise County is a political subdivision of the State of Arizona and

27  encompasses the prosecutorial office which is headed by the elected County Attorney, who has a

28  staff of deputy county attorneys.  Cochise County, through the County Attorney's office,

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1    prosecuted Mr. Brown.  The entity is responsible for the supervision, training, official policies,

2    customs and practices of its agents, Mr. Rheinheimer, Mr. Offenhartz, Mr. Johnson, and Mr.

3    Johnstun.

4         9.  At all pertinent times mentioned herein, the Defendants, were acting within the scope

5    of their official duties and employment, under color of state law.

6         10.  Defendant Anne Elsberry, ("Elsberry") is a citizen of the United States and a resident

7    of the State of Arizona.  Defendent Elsberry is an attorney who is licensed to practice in the State

8    of Arizona.  Defendant operated at all relevant times under the auspices of "DiCampli, Elsberry

9    and Hunley, L.L.C."  Defendant Elsberry accepted appointments from the Indigent Defense

10   Coordinator's Office of Cochise County (hereinafter "IDC"), Arizona, on a contractual basis at

11   all times relevant to this complaint.  Within days of her IDC appointment as Plaintiff Brown's

12   attorney, Defendant Elsberry was first made aware of the impropriety of the 2007 indictment of

13   Mr. Brown.  She made the Court aware of the problem soon thereafter, yet failed to provide the

14   Court information on possible claims of double jeopardy when that was requested of her on

15   October 15, 2007.  Although Defendant Elsberry did request information pertaining to Mr.

16   Brown's double jeopardy claims, and went so far as to write to Defendant Offenhartz on

17   November 18, 2007 to reiterate Mr. Brown's claims, she never filed a motion to dismiss Case

18   410.  Again at trial, Defendant Elsberry raised the issues, but did not move for dismissal, which

19   led to Mr. Brown's subsequent conviction and unconstitutional loss of freedom for one and a

20   half years.

21                            **STATEMENT OF CLAIMS**

22                            **FIRST CLAIM FOR RELIEF**

23                      **42 U.S.C. §1983 - Malicious Prosecution**

24   **(4th Amendment, 5th Amendment, and 14th Amendment Procedural Due Process Violations)**

25   **(Against Cochise County, Office of the Cochise County Attorney, Edward Rheinheimer,**

26              **Marc Offenhartz, Doyle Johnstun, and Gregory Johnson)**

27        11.  Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully

28   set forth herein.

**CARDINAL & STACHEL, P.C.**
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

12. Defendants were acting under color of state law in their actions and omissions which occurred at all times relevant to this action.

13. Defendants, acting without probable cause, procured groundless indictments against Mr. Brown based upon Defendant Offenhartz's presentation to the grand jury of facts which he knew were covered by the 2006 plea agreement to which the State was a party.  The destruction of evidence after Case 365, Mr. Offenhartz's false statement to the Court regarding the need for laboratory results, and the ignoring by the Defendants of numerous indications that Mr. Brown's case was one of double jeopardy were all used to maliciously bring about Mr. Brown's second round of prosecution, conviction, and time in confinement.

14. Defendants, acting knowingly, maliciously, willfully and wantonly, and evincing a complete and utter disregard for the 2006 plea agreement, instituted additional legal proceedings against Mr. Brown, including seeking indictments for two counts previously presented to the grand jury and an additional count previously indicted by the grand jury and subsequently dismissed with prejudice.  The Defendants prosecuted, convicted, and confined Mr. Brown a second time with knowledge that he was twice being put in jeopardy for the same crimes, thereby intentionally and maliciously subjecting Mr. Brown to wrongful incarceration of one and a half years (out of a five and a half year sentence).

15. Defendants Offenhartz, Johnson, Johnstun, and Rheinheimer acted knowingly, maliciously, willfully and wantonly by 1)going forward with a second prosecution knowing that evidence had been destroyed under the CAO's direction after the first prosecution; 2)committing perjury in reference to the need for laboratory results (except for Defendant Johnson), 3)refusing to investigate Mr. Brown's claims (that he ultimately proved) that his case was one of double jeopardy, 4)failing to share information between the office of the CA and Mr. Brown's counsel, 5)taking affirmative steps to deny Mr. Brown the benefit of the plea agreement he previously entered with the CAO, 6)conspiring to prosecute and continue to confine Mr. Brown, knowing that he was already serving time in prison for the same crimes, 7)conducting the 2007 grand jury proceedings less than one month before Mr. Brown's release from confinement due to the same incidents (except for Defendant Johnson).

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1    16.  Defendant Offenhartz acted knowingly, maliciously, and in reckless disregard for the

2  truth by representing falsely at the October 15, 2007 review hearing that the State did not

3  previously go forward with the Case 410 charges during Case 365 because it had not received

4  the laboratory results in time for the June 8, 2006 grand jury proceeding.  Mr. Offenhartz knew

5  that the State received those results on January 3, 2006.  Mr. Offenhartz thereby actively

6  encouraged the second prosecution of Mr. Brown and intentionally mislead a judicial officer into

7  ordering the continued detainment of Mr. Brown after he completed his first sentence for the

8  October 12, 2005 crimes.

9    17.  Defendants Rheinheimer and Johnstun, as supervisors of Offenhartz, Johnson,

10  Pardee, and Udall, recklessly, knowingly, intentionally, willfully and wantonly, participated in,

11  knew of, condoned, and/or approved the wrongful acts of Defendants Offenhartz and Johnson,

12  described herein, with the intent and understanding to bring about Mr. Brown's unconstitutional

13  prosecution, conviction and continued confinement.

14    18.  As described above, Defendants Rheinheimer and Johnstun failed to adequately train

15  and/or supervise their subordinates to prevent the acts described herein, and failed to establish

16  policies, customs, and/or practices to prevent the above constitutional violations.  This failure

17  inevitably led to the re-prosecution, re-conviction, and re-incarceration of Mr. Brown without

18  legal basis.  In light of the duties and responsibility of these Defendants to train, supervise and

19  exercise control over Defendants Offenhartz and Johnson, the need for scrutiny and specialized

20  training and supervision regarding preventing the acts described herein, so as to ensure that Mr.

21  Brown was not subject to double jeopardy, was so obvious, and the inadequacy of the training

22  and supervision provided so likely to result in the violation of Fourth and Fourteenth

23  Amendment rights that Defendants Rheinheimer and Johnstun's failure to train and supervise

24  amounts to deliberate indifference to the constitutional rights of persons in Cochise County,

25  including Mr. Brown.

26    19.  Defendants Rheinheimer and Johnstun not only failed to adequately train and

27  supervise, but also knew of, condoned and approved the wrongful act of Defendants Offenhartz

28  and Johnson that resulted in Mr. Brown's unreasonable and wrongful prosecution, conviction,

and detention.

20.  Given the long-term and widespread nature of the acts described herein, Defendants Rheinheimer and Johnstun knew of a substantial risk of Mr. Brown's unconstitutional prosecution, conviction, and incarceration.

21.  As described above, Defendants Rheinheimer and Johnstun had long-standing, department-wide customs, policies, and/or actual practices that allowed the acts described herein.

22.  The customs, policies, and/or actual practices that allowed the unconstitutional prosecution, conviction, and incarceration of Robert Brown, described herein, were necessarily consciously approved by Defendants Rheinheimer and Johnstun, represent a deliberate choice to follow a course of action made from among various alternatives, and were the moving force behind the constitutional violations at issue.

23.  Defendants Rheinheimer and Johnstun are the chief policy makers for the CAO.

24.  It was the custom, practice or policy of the Cochise County Attorney's office, through the elected County Attorney, to engage in the misconduct described herein.

25.  The acts or omissions of each Defendant, including the policies, customs, and/or actual practices described above, were the legal and proximate cause of Mr. Brown's wrongful prosecution, conviction, and incarceration, causing his injuries alleged herein.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. §1983 - False Imprisonment

### (4th Amendment, 5th Amendment, and 14th Amendment Violations)

### (Against Cochise County, Office of the Cochise County Attorney, Edward Rheinheimer, Marc Offenhartz, Doyle Johnstun, and Gregory Johnson)

26.  Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

27.  Defendants were acting under color of state law in their actions and inactions which occurred at all times relevant to this action.

28.  Defendants recklessly, knowingly, intentionally, willfully and wantonly prosecuted and imprisoned Mr. Brown based on facts Defendants knew Mr. Brown was already serving

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

prison time for, thereby unreasonably restricting Mr. Brown's freedom for approximately one and a half years without any legal basis.

29.   Defendants acted recklessly, knowingly, intentionally, willfully and wantonly by 1)going forward with a second prosecution knowing that evidence had been destroyed under the CAO's direction after the first prosecution; 2)committing perjury in reference to the need for laboratory results (specifically, Defendant Offenhartz), 3)refusing to investigate Mr. Brown's claims (that he ultimately proved) that his case was one of double jeopardy, 4)failing to share information between the office of the CA and Mr. Brown's counsel, 5)taking affirmative steps to deny Mr. Brown the benefit of the plea agreement he previously entered with the CAO, 6)conspiring to prosecute and continue to confine Mr. Brown, knowing that he was already serving time in prison for the same crimes, 7)conducting the 2007 grand jury proceedings less than one month before Mr. Brown's release from confinement due to the same incidents (except for Defendant Johnson), 8)failing to train and supervise to prevent the above constitutional violations (except for Defendants Offenhartz and Johnson) and 9)failing to establish policies, customs, and/or practices to prevent the above constitutional violations.

30.   Based on the acts described herein, the process by which Mr. Brown was wrongfully prosecuted and confined was so wholly lacking in the concept of justice in a civilized society that Mr. Brown was never actually provided legal process and, therefore, was falsely imprisoned.

31.   Defendants Rheinheimer and Johnstun, as supervisors of Offenhartz and Johnson, recklessly, knowingly, intentionally, willfully and wantonly, participated in, knew of, condoned and/or approved the wrongful acts of Defendants Offenhartz and Johnson, described herein, with the intent and understanding to bring about Mr. Brown's unconstitutional prosecution, conviction, and continued confinement.

32.   As described above, Defendants Rheinheimer and Johnstun failed to adequately train and/or supervise their subordinates to prevent the acts described herein.  This failure inevitably led to the wrongful prosecution and confinement of Mr. Brown.  In light of the duties and responsibility of these Defendants to train, supervise, and exercise control over Defendants Offenhartz and Johnson, the need for scrutiny and specialized training and supervision regarding

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1   preventing the acts described in this Complaint, so as to ensure that Mr. Brown was not subject

2   to unconstitutional prosecution and confinement, was so obvious, and the inadequacy of the

3   training and supervision provided so likely to result in the violation of Fourteenth Amendment

4   rights that Defendants Rheinheimer and Johnstun's failure to train and supervise amounts to

5   deliberate indifference to the constitutional rights of persons, including Robert Brown, with

6   whom Cochise County comes into contact.

7   33. Defendants Rheinheimer and Johnstun not only failed to adequately train and

8   supervise, but also knew of, condoned and approved the wrongful acts of Defendants Offenhartz

9   and Johnson that resulted in Mr. Brown's wrongful conviction and confinement.

10  34. Given the long-term and widespread nature of the acts described herein, Defendants

11  Rheinheimer and Johnstun knew of a substantial risk of Robert Brown's unconstitutional

12  prosecution, conviction and incarceration.

13  35. As described above, Defendants Rheinheimer and Johnstun had long-standing,

14  department-wide customs, policies, and/or actual practices that allowed the acts described herein.

15  36. The customs, policies, and/or actual practices that allowed the unconstitutional

16  prosecution, conviction and incarceration of Robert Brown, described herein, were necessarily

17  consciously approved by Defendants Rheinheimer and Johnstun, represent a deliberate choice to

18  follow a course of action made from among various alternatives, and were the moving force

19  behind the constitutional violations at issue.

20  37. The acts or omissions of each Defendant, including the policies, customs, and/or

21  actual practices described above, were the legal and proximate cause of Mr. Brown's

22  unconstitutional conviction, causing his injuries.

23  **THIRD CLAIM FOR RELIEF**

24  **42 U.S.C. §1983 - Fundamental Unfairness of Robert Brown's Criminal Trial**

25  **(14th Amendment Procedural and Substantive Due Process Violations)**

26  **(Against all Defendants)**

27  38. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully

28  set forth herein.

39.  Defendants Rheinheimer, Johnstun, Offenhartz, and Johnson were acting under color of law in their actions and inactions which occurred at all times relevant to this action.

40.  Mr. Brown has a protected liberty interest in freedom from incarceration by the State except upon conviction after a trial that complies with all constitutional requirements.

41.  By engaging in one or more of the following acts, each Defendant, as detailed above and acting recklessly, knowingly, intentionally, willfully and wantonly, played a personal and essential role in ensuring that Mr. Browns' criminal trial lacked fundamental unfairness to a degree that shocks the universal sense of justice:  1)going forward with a second prosecution knowing that evidence had been destroyed under the CAO's direction after the first prosecution; 2)committing perjury in reference to the need for laboratory results (specifically, Defendant Offenhartz), 3)refusing to investigate Mr. Brown's claims (that he ultimately proved) that his case was one of double jeopardy, 4)failing to share information between the office of the CA and Mr. Brown's counsel, 5)taking affirmative steps to deny Mr. Brown the benefit of the plea agreement he previously entered with the CAO, 6)conspiring to prosecute and continue to confine Mr. Brown, knowing that he was already serving time in prison for the same crimes (other than Defendants Elsberry and DiCampli, Elsberry, and Hunley), 7)conducting the 2007 grand jury proceedings less than one month before Mr. Brown's release from confinement due to the same incidents (except for Defendants Johnson, Elsberry, and DiCampli, Elsberry, and Hunley), 8)failing to train and supervise to prevent the above constitutional violations (Defendants Cochise County, Office of the Cochise County Attorney, Rheinheimer, and Johnstun) and 9)failing to establish policies, customs, and/or practices to prevent the above constitutional violations (same Defendants as 8))

42.  Although Mr. Brown's conviction has since been vacated, the actions by Defendants described herein recklessly, knowingly, intentionally, willfully and wantonly caused Mr. Brown to be unconstitutionally prosecuted, convicted and confined for approximately one and a half years and were so egregious and were carried out in a manner that shocks the judicial conscience, and they constituted deprivation of Constitutional dimension.

43.  Defendants Cochise County, Office of the Cochise County Attorney, Rheinheimer

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1    and Johnstun, as supervisors of Offenhartz and Johnson, recklessly, knowingly, intentionally,

2    willfully an wantonly, participated in, knew of, condoned and/or approved the wrongful acts of

3    Defendants Offenhartz and Johnson, described herein, with the intent and understanding to bring

4    about Mr. Brown's unconstitutional prosecution, conviction and continued confinement.

5        44.  As described above, Defendants Cochise County, Office of the Cochise County

6    Attorney, Rheinheimer and Johnstun failed to adequately train and/or supervise their

7    subordinates to prevent the acts described herein.  This failure inevitably led to a criminal trial

8    against Robert Brown that lacked the fundamental fairness essential to the very concept of

9    justice.  In light of the obviousness of the duties and responsibility of these Defendants to train,

10   supervise, and exercise control over Defendants Offenhartz and Johnson, the need for scrutiny

11   and specialized training and supervision regarding preventing the acts described herein, so as to

12   allow for a fundamentally fair criminal trial, and the inadequacy of the training and supervision

13   so likely to result in the violation of Due Process rights, Defendants' failure to train and

14   supervise amounts to deliberate indifference to the due process rights of persons, including

15   Robert Brown, with whom Cochise County comes into contact.

16       45.  Defendants Cochise County, Office of the Cochise County Attorney, Rheinheimer

17   and Johnstun not only failed to adequately train and supervise, but also knew of, condoned and

18   approved the wrongful acts of Defendants Offenhartz and Johnson that resulted in Mr. Brown's

19   unreasonable and wrongful prosecution, fundamentally unfair trial, and unconstitutional

20   conviction.

21       46.  Given the long-term and widespread nature of the acts described herein, Defendants

22   Rheinheimer and Johnstun knew of a substantial risk of Robert Brown's unconstitutional

23   prosecution, conviction, and incarceration.

24       47.  As described above, Defendants Cochise County, Office of the Cochise County

25   Attorney, Rheinheimer and Johnstun had long-standing, department-wide customs, policies,

26   and/or actual practices that allowed the acts described herein.

27       48.  The customs, policies, and/or actual practices that allowed the unconstitutional

28   prosecution, conviction and incarceration of Robert Brown, described herein, were necessarily

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1  consciously approved by Defendants Cochise County, Office of the Cochise County Attorney,

2  Rheinheimer and Johnstun, represent a deliberate choice to follow a course of action made from

3  among various alternatives, and were the moving force behind the constitutional violations at

4  issue.

5      49.  The acts or omissions of each Defendant, including the policies, customs, and/or

6  actual practices described above, were the legal and proximate cause of Mr. Brown's

7  unconstitutional prosecution, conviction, and confinement, causing his injuries.

8      50.  Due to the actions of each Defendant, Mr. Brown's criminal trial lacked fundamental

9  fairness to a degree that shocks the universal sense of justice.

10                          **FOURTH CLAIM FOR RELIEF**

11          **42 U.S.C. §1983 - Conspiracy to Violate Robert Brown's Civil Rights**

12                   **(4th and 14th Amendment Violations)**

13  **(Against Cochise County, Office of the Cochise County Attorney, Edward Rheinheimer,**

14          **Marc Offenhartz, Doyle Johnstun, and Gregory Johnson**

15      51.  Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully

16  set forth herein.

17      52.  Defendants were acting under color of law in their actions and inactions which

18  occurred at all times relevant to this action.

19      53.  Defendants Offenhartz and Johnson recklessly, knowingly, intentionally, willfully

20  and wantonly conspired with one another, and others, to deprive Robert Brown of his Fourth and

21  Fourteenth Amendment rights under the United States Constitution by bringing about his

22  wrongful prosecution, conviction, and confinement, in spite of knowledge that he had previously

23  been convicted and served prison time based on the events of October 12, 2005.

24      54.  These Defendants recklessly, knowingly, intentionally, willfully and wantonly acted

25  in concert throughout the investigation and prosecution of Robert Brown.

26      55.  Each Defendant recklessly, knowingly, intentionally, willfully and wantonly engaged

27  in overt acts in furtherance fo the conspiracy, as described herein, including but not limited to:

28  1)going forward with a second prosecution knowing that evidence had been destroyed under the

                                    - 16 -

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1   CAO's direction after the first prosecution; 2)committing perjury in reference to the need for

2   laboratory results, 3)refusing to investigate Mr. Brown's claims (that he ultimately proved) that

3   his case was one of double jeopardy, 4)failing to share information between the office of the CA

4   and Mr. Brown's counsel, 5)taking affirmative steps to deny Mr. Brown the benefit of the plea

5   agreement he previously entered with the CAO, 6)prosecuting and continue to confine Mr.

6   Brown, knowing that he was already serving time in prison for the same crimes, 7)conducting

7   the 2007 grand jury proceedings less than one month before Mr. Brown's release from

8   confinement due to the same incidents (except for Defendant Johnson), 8)initiating and

9   aggressively advocating for the prosecution of Mr. Brown knowing his 2006 plea agreement,

10  including the prison time served thereunder, disposed of all charges stemming from October 12,

11  2005.

12      56.  Defendants Rheinheimer and Johnstun, as supervisors of Offenhartz and Johnson,

13  recklessly, knowingly, intentionally, willfully and wantonly took overt acts in furtherance of the

14  conspiracy by supervising, condoning, and/or approving the wrongful acts of Defendants

15  Offenhartz and Johnson, described herein, with the intent and understanding to bring about Mr.

16  Brown's unconstitutional prosecution, conviction, and continued confinement.

17      57.  Knowing no reason existed for the second prosecution, conviction and confinement

18  of Mr. Brown, Mr. Offenhartz nonetheless wrote a vehement response to Mr. Brown's Post

19  Conviction Relief Petition and Mr. Johnstun took and active part in the post-conviction

20  proceedings, thereby continuing Mr. Brown's wrongful confinement.  These actions were overt

21  acts in furtherance of the continuing conspiracy to unconstitutionally prosecute, convict, and

22  confine Mr. Brown in violation of his constitutional rights.

23                          **FIFTH CLAIM FOR RELIEF**

24                              **Negligence**

25                      **(Violations of Arizona State Law)**

26          **(Against Elsberry and DiCampli, Elsberry, and Hunley)**

27      58.  Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully

28  set forth herein.

59. As an Arizona attorney who took on the criminal defense of Plaintiff, Defendant Elsberry had fiduciary duties to Plaintiff Brown of confidentiality, accountability, reasonable skill and care in her representation, loyalty, obedience, accounting, and disclosure.

60. Elsberry was aware that Plaintiff's criminal case should be dismissed, either by the Court or by the prosecuting attorney. It was objectively unreasonable for Elsberry to have failed to file any motion to dismiss. Elsberrry knew the case should have been dismissed from the time she first met with Plaintiff. Elsberry, herself, told the Court and the prosecutor that the case should be dismissed many times, yet she failed to file a simple motion, instead allowing the case to proceed to trial and sentencing. By failing to file a motion to dismiss Case CR200700410, Elsberry's performance fell below a reasonable standard of competence and below an objective standard of reasonableness. Elsberry thereby failed to fulfill her professional duty of reasonable skill and care in her representation of Plaintiff. Even with her concerns regarding Plaintiff's re-indictment, Elsberrry failed to take affirmative steps to address the issue in a meaningful manner, violating Plaintiff's constitutional rights.

61. On or about June 11, 2009, Elsberry signed an affidavit which stated: "Realizing that I had not represented Brown effectively by not filing a motion to dismiss, I withdrew as Brown's attorney in January 2009 in order that a claim of ineffective assistance of counsel may be filed as part of Brown's Rule 32, Petition for Post-Conviction Relief." But for Elsberry's negligence in failing to file a motion to dismiss, Plaintiff would not have been convicted in Case CR200700410.

62. Elsberry's failure to act properly in her defense of Plaintiff directly impacted the result of Plaintiff's conviction. Namely, had Elsberry filed the proper motion(s), Plaintiff Brown would not have been found guilty on any of the October 12, 2005 charges in 2007. In turn, he would not have been sentenced to an additional five and a half years' imprisonment based on the same October 12, 2005 events that he already served one year for. Plaintiff served one and a half additional years before his sentence was finally vacated.

63. The post-conviction proceedings in this case demonstrate that Defendant Elsberry committed legal malpractice, causing Plaintiff's conviction and his serving an unwarranted year

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

and a half in prison.  Plaintiff suffered a complete loss of freedom for one and a half years as a direct and proximate result of Defendant's legal malpractice.  Plaintiff's injuries were a foreseeable result of Defendant's breach of her duty of care to him.

**SIXTH CLAIM FOR RELIEF**

**Vicarious Liability**

**(Violations of Arizona State Law)**

**(Against DiCampli, Elsberry, and Hunley)**

64.  Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

65.  Defendant DiCampli, Elsberry and Hunley, L.L.C. was the employer of Defendant Elsberry at the time of the injuries to Plaintiff Robert Brown.  Defendant Elsberry was under the direct supervision and control of Defendant DiCampli, Elsberry and Hunley, L.L.C. at the time of the injuries to Plaintiff Brown.  Defendant Elsberry was acting in the course and scope of her employment for the benefit of Defendant DiCampli, Elsberry and Hunley, L.L.C. at the time of the injuries to Plaintiff Brown.  Defendant DiCampli, Elsberry and Hunley, L.L.C. is vicariously liable to Plaintiff Brown for the negligent action of its employee, Defendant Elsberry.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and award him all relief as allowed by law and equity, including, but not limited to, the following:

a.  Actual economic damages as established at trial;

b.  Damages for past and future loss of earnings capacity in an amount to be determined at trial;

c.  Compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, pain and suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of freedom and other nonpecuniary losses;

d.  Punitive damages for all claims allowed by law in an amount to be determined at trial;

e.  Pre-judgment and post-judgment interest at the highest lawful rate;

CARDINAL & STACHEL, P.C.
2151 S. Highway 92, Suite 100
Sierra Vista, Arizona 85635
Tele. (520) 452-1002 Fax (520) 452-1008

1    f.  Attorney's fees and costs; and

2    g.  Costs and attorney's fees incurred in any garnishment proceedings or other attempt by

3  Plaintiff to execute upon his Judgment, together with interest thereon at the legal rate

4    h.  Any other relief this Court deems just and proper.

5    **PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**.

6  DATED this 27th day of September, 2010.

7    **CARDINAL & STACHEL, P.C.**

8

9

10    By:___*/ss/ Laura Cardinal*_____
    LAURA CARDINAL
11    Arizona State Bar No. 012081
    2151 S. Highway 92, Suite 100
12    Sierra Vista, Arizona 85635
    (520) 452-1002 / (520) 452-1008 (fax)
13    lcardinal@cardinalstachel.com

14    Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Side margin:* **CARDINAL & STACHEL, P.C.** 2151 S. Highway 92, Suite 100 Sierra Vista, Arizona 85635 Tele. (520) 452-1002 Fax (520) 452-1008